Gurstel, Staloch & Chargo, P.A.
64 East Broadway Road, Ste. 255
Tempe, AZ 85282
By: Jessica M. Laginess (#025585)
Attorney for Defendants
Telephone: (877) 344-4002
Facsimile: (877) 750-6335
Email: info@Gurstel.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Ceresko, an individual | Civil No.: CV09-00483-PHX-JWS |
| Plaintiff, | |
| v. | **ANSWER AND COUNTERCLAIM OF DEFENDANTS TO PLAINTIFF'S COMPLAINT** |
| LVNV Funding, LLC, a Delaware limited liability company; Gurstel, Staloch & Chargo, P.A.; Ruth Fischetti, a licensed Arizona Attorney; | |
| Defendant. | |

### ANSWER TO COMPLAINT OF CHRISTOPHER CERESKO

1.      Defendants LVNV Funding, LLC ("LVNV"), Gurstel, Staloch & Chargo ("GSC") and Ruth Fischetti ("Fischetti") hereby answer the Complaint of plaintiff Christopher Ceresko ("Plaintiff"), as follows:

### GENERAL DENIAL

2.      Except to the extent expressly admitted or otherwise qualified herein, defendants deny each and every allegation contained in the Complaint.

### ANSWER TO "PARTIES"

3.      Answering Paragraph 1 of the Complaint, defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny such allegations.

1

4.      Answering Paragraph 2 of the Complaint, LVNV states that it was lawfully pursuing a case of action within the State of Arizona and was therefore not obligated to be licensed to conduct business.

5.      Answering Paragraph 3 of the Complaint, LVNV admits.

6.      Answering Paragraph 4 of the Complaint, LVNV admits.

7.      Answering Paragraph 5 of the Complaint, LVNV denies any liability to plaintiff or that any violation of the FDCPA occurred.

8.      Answering Paragraph 6 of the Complaint, GSC admits it is an S-corporation, but denies any liability.

9.      Answering Paragraph 7 of the Complaint, Fischetti admits she is a natural person, a licensed Arizona attorney and a former employee of GSC, but denies any liability.

10.     Answering Paragraph 8 of the Complaint, defendants state it calls for a legal conclusion to which no answer is required.

11.     Answering Paragraph 9 of the Complaint, GSC and Fischetti admit that Fischetti was an employee of GSC, but not of LVNV.  GSC is not an employee of any co-defendant, but represents LVNV as its attorney.

## ANSWER TO "JURISDICTION AND VENUE"

12.     Answering Paragraph 10 of the Complaint, defendants admit that this Court has jurisdiction to hear this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and 28 U.S.C. § 1331 but denies any liability to plaintiff.

## ANSWER TO "STATEMENT OF PREDICATE FACTS"

13.     Answering Paragraph 11 of the Complaint, defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny such allegations.  Defendants admit that a civil complaint was signed on March  7, 2008.

## ANSWER TO "FDCPA CLAIMS"

14.     Answering Paragraph 12 of the Complaint, defendants put plaintiff to his strict burden of proof thereof.

2

15.     Answering Paragraph 13 of the Complaint, defendants put plaintiff to his strict burden of proof thereof.

16.     Answering Paragraph 14 of the Complaint, LVNV denies.

17.     Answering Paragraph 15 of the Complaint, GSC admits.

18.     Answering Paragraph 16 of the Complaint, Fischetti admits.

19.     Answering Paragraph 17 of the Complaint, defendants admit.

20.     Answering Paragraph 18 of the Complaint, defendants deny.

21.     Answering Paragraph 19 of the Complaint, defendants deny.

22.     Answering Paragraph 20 of the Complaint, defendants put Plaintiff to his strict burden of proof thereof.

23.     Answering Paragraph 21 of the Complaint, defendants deny.

24.     Answering Paragraph 22 of the Complaint, defendants deny.

## ANSWER TO COUNT I

25.     Answering Paragraph 23 of the Complaint, defendants repeat and re-allege its responses to Paragraphs 1 through 22 of the Complaint above and incorporates such responses by reference herein.

26.     Answering Paragraph 24 of the Complaint, defendants deny plaintiff's allegations.

27.     Answering Paragraph 25 of the Complaint, defendants deny plaintiff's allegations as directed to any purported conduct and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies such allegations.

## ANSWER TO PRAYER FOR RELIEF

28.     Answering the Prayer for Relief, defendants deny that plaintiff is entitled to any relief whatsoever, including actual damages, statutory and punitive damages, costs and attorney's fees under the FDCPA.

## SECOND DEFENSE

### Failure To State A Claim

29.     The Complaint, and each purported claim alleged therein, fails to state a claim

3

against defendants.

## THIRD DEFENSE

### Failure To Mitigate

30.    To the extent that plaintiff has suffered any damages as a result of the matters alleged in the Complaint, plaintiff has failed to mitigate those damages and his claims therefore are barred, in whole or in part.

## FOURTH DEFENSE

### Good Faith/Reasonable Commercial Standards

31.    With respect to the matters alleged in the Complaint, defendants at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by plaintiff against defendants.

## FIFTH DEFENSE

### Reservation Of Right To Assert Other Defenses

32.    Defendants expressly reserve the right to assert such other and further affirmative defenses as may be appropriate.

## COUNTERCLAIM

33.    Plaintiff brought this case in bad faith and for the purpose of harassment.

34.    Defendants seek an award of costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, defendants pray as follows:

1.      That plaintiff take nothing by this action;

2.      That judgment be entered against plaintiff and in favor of defendants;

3.      That defendants be awarded its costs incurred in this action, including, where applicable under the law, its reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3).

4.      That this Court grant such other relief as the Court deems just and proper.

Dated:                                          By: _____
                                                By: Jessica M. Laginess (#025585)
                                                Attorney for Defendants
                                                Gurstel, Staloch & Chargo, P.A.
                                                64 East Broadway Road, Ste. 255
                                                Tempe, AZ 85282
                                                Telephone:  (877) 344-4002
                                                Facsimile:  (877) 750-6335
                                                Email:  info@Gurstel.com